**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS CALLEN; COURTNEY CALLEN; and GOLDEN POLAR BEAR, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ILKB LLC; MICHAEL PARRELLA; RYAN HEALY; and SCOTT FERRARI, each individually; and ILKB TOO, LLC; DANIEL CASTELLINI; and SHAUN YORK, each as successor by merger to ILKB LLC,<br><br>Defendant. | Case No.:  2:20-cv-03345-DRH-ST |

**DEFENDANT ILKB, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)**

**GORDON REES SCULLY MANSUKHANI LLP**
*Attorneys for Plaintiff ILKB, LLC*
One Battery Park Plaza, Suite 2801
New York, NY 10004
T:  (973) 549-2500
E: psiachos@grsm.com

## INTRODUCTION

All of the claims asserted against ILKB, LLC ("ILKB") are fatally defective. Every claim against it rests on averments of fraud, but none is pleaded with the particularity Fed. R. Civ. P. 9(b) requires. Plaintiffs' statutory claims—brought under New York's franchise sales law and Colorado's Consumer Protection Act—are clearly time-barred. Plaintiffs plead a contract claim, but fail to allege that they substantially performed (in fact, they did not) or even what contractual terms ILKB allegedly violated. And, Plaintiffs ask the Court to pierce ILKB's corporate veil, but offer *no factual allegations* to justify that extraordinary remedy. This Complaint does not meet the standards of Rule 8 or Rule 9. Thus, the Court should dismiss the claims against ILKB under Rule 12(b)(6).

## ARGUMENT AND AUTHORITY

Under Rule 8(a)(2), a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Under Rule 12(b)(6), Courts may dismiss an action if the complaint does not state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.at 678. "As the Supreme Court has explained, this standard creates a 'two-pronged approach,' based on 'two working principles[.]'" *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 717 (2d Cir. 2013) (internal alteration omitted) (quoting *Iqbal*, 556 U.S. at 678-79). "First, although a complaint need not include detailed factual allegations, it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678-79). Similarly, a court need not "'"accept as true a legal conclusion couched as a factual allegation."'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "Second, 'when there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The complaint must support "'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

**I.     Plaintiffs have not pleaded fraud with particularity.**

Under Rule 9(b), plaintiff must plead averments of fraud with particularity. In the Second Circuit, this means "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). "When multiple defendants are alleged to have engaged in the fraud, and made material misrepresentations, the complaint must clearly state which defendants made which statements." *Hatteras Enters. v. Forsythe Cosmetic Grp., Ltd.*, No. 2:15-cv-05887 (ADS)(ARL), 2018 U.S. Dist. LEXIS 68792, at *31 (E.D.N.Y. Apr. 23, 2018) (citing *Mills*, 12 F.3d at 1175). In plain terms, a complaint pleading fraud must state the "who, what, when, where, why, and how" of each fraud claim for each alleged wrong-doer. A failure to plead this information results in a deficient pleading.

The pleading should contain the "specific content" of the alleged misstatements. *See Tooker v. Guerrera*, No. 15-CV-2430(JS)(ARL), 2017 U.S. Dist. LEXIS 128083, at *30 (E.D.N.Y. Aug. 11, 2017); *Leung v. Law*, 387 F. Supp. 2d 105, 114 (E.D.N.Y. 2005) (citing S*chreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "Although scienter need not be alleged with great specificity, plaintiffs are still required to plead the factual basis which gives rise to a 'strong inference' of fraudulent intent." *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990).

It is generally *not sufficient* to plead averments of fraud "on information and belief" unless "facts are peculiarly within the opposing party's knowledge." *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990). "This exception to the general rule must not be mistaken for license to base claims of fraud on speculation and conclusory allegations. Where pleading is permitted on information and belief, a complaint must adduce specific facts supporting a strong inference of

fraud or it will not satisfy even a relaxed pleading standard." *Id.*

Even where fraud is not a necessary element of a plaintiff's claims, the claims "are nonetheless subject to the heightened pleading requirements of Rule 9(b) if they are premised on allegations of fraud." *Paulino v. Conopco, Inc.*, No. 14-CV-5145 (JG)(RML), 2015 U.S. Dist. LEXIS 108165, at *15 (E.D.N.Y. Aug. 17, 2015) (citing *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) ("[C]laims that do rely upon averments of fraud are subject to the test of Rule 9(b).").

Here, with the exception of the breach of contract claim against ILKB, all of the claims Plaintiffs assert against ILKB are subject to Rule 9(b), because each rests on an averment of fraud. *See* Compl. ¶¶ 37 (Count I-New York Franchise Sales Act), 44 (Count III-Fraud), 47 (Count IV-Negligent Misrepresentation), 52-53 (Count V-Colorado Consumer Protection Act), 61 (Count VI-Veil Piercing). Each claim, therefore, must have its averments of fraud pleaded with particularity. Plaintiffs' claims do not meet that standard.

### A.   *Plaintiffs' allegations regarding Ferrari's alleged statements are inadequate.*

Plaintiffs allege that Ferrari made a number of false statements to the Plaintiffs on November 18, 2015. *See* Compl. ¶ 16. These allegations are not adequately pleaded because Plaintiffs do not allege where the alleged misstatements occurred. *Compare id. with Mills*, 12 F.3d at 1175. Nor do Plaintiffs allege the "specific content" of Ferrari's representations—they instead assert their characterizations of Ferrari's statements, without pleading what it was he said that supports their characterizations.

Plaintiffs allege that Ferrari represented that "90% of marketing was and would be accomplished by ILKB corporate." Compl. ¶ 16. But, nowhere do Plaintiffs allege how that was false.

Plaintiffs allege that Ferrari represented that "55-68% of potential ILKB studio customers introduced through ILKB's marketing sign up for long term membership contracts" and that "the average ILKB studio member stayed with the program for 14 months." *See id.* Plaintiffs merely

4

allege that that was false, but do not state with particularity how it is false. *See id.* at ¶ 23.e.

Plaintiffs allege that Ferrari represented that "no ILKB franchise locations struggled or went out of business." *See id.* at ¶ 16. Plaintiffs also allege that "[o]n information and belief, ILKB had closed over a dozen studios in the two years preceding signing of the Plaintiffs' franchise agreement." *See id.* at 23.f. However, the closure of public kickboxing gyms is hardly information peculiarly known by ILKB, and it is not sufficient for Plaintiffs to assert this claim on information and belief. *See Wexner*, 902 F.2d at 172.

Plaintiffs allege that Ferrari represented that "all or the average ILKB franchises broke even with less than 200 members and receive six figure income with less than 300 members." *Id.* Plaintiffs do not allege how this average was inaccurate. *See id.* at 23.g ("ILKB Defendants' representations of revenues and profitability were knowingly false, unsupported and implausible.").

### B. *Plaintiffs' disclosure document allegations are not adequately particular.*

Plaintiffs allege that Ferrari sent them a franchise disclosure document containing a number of omissions and misrepresentations. *See id.* at ¶¶ 17-18. The allegation is deficient, because Plaintiffs do not allege when or where that document was sent or received. *Compare id. with Mills*, 12 F.3d at 1175.

Plaintiffs allege that the disclosure falsely represented that "ILKB did not receive rebates from suppliers to franchisees, when, in fact, it did." *See id.* Plaintiffs, however, do not state with particularity why this alleged statement was false—only that they contend it was false. *See id.*

### C. *Paragraph 19 is not adequately pleaded.*

In Paragraph 19, Plaintiffs allege that the "ILKB Defendants also misrepresented and failed to disclose the fact that ILKB would retain profits at the expense of franchisees through Defendants' lead generation program." Plaintiffs do not allege who said this, where or when they said it, what specifically they said, or how the statement (or omission) was false. The allegation is therefore inadequate.

5

### D. *Plaintiffs' Discovery Day allegations are not adequately particular.*

Plaintiffs allege that they attended an ILKB "Discovery Day," at which Healy made several representations. *See* Compl. ¶ 20. Plaintiffs do not allege with particularity when or where this "Discovery Day" occurred, other than it was held in February 2016. The allegations therefore do not satisfy Rule 9(b).

Plaintiffs also fail to allege the "specific content" of Healy's statements, instead vaguely alleging that he "affirmed" Ferrari's representations and made some new representations—for which Plaintiffs, again, do not provide specific content. *See id.* Plaintiffs allege that "Ferrari confirmed these statements in a separate conversation," but do not say when or where that conversation occurred, or what specifically Ferrari said. *See id.*

### E. *Plaintiffs' allegations in Paragraph 21 are not adequately particular.*

In Paragraph 21, the Plaintiffs allege that "each of Ferrari, Healy and Parrella ultimately made" a series of representations. Plaintiffs, however, again fail to plead when or where these alleged representations were made, who said what, or what specifically any of the Defendants said. *See* Compl. ¶ 21. And again, Plaintiffs do not allege with particularity how it is that these statements were false when made, other than to say that they were not true—in large part "upon information and belief." *Compare id. with id.* at ¶ 23.

### F. *Plaintiffs' allegations in Paragraph 23 are not adequately particular.*

Paragraph 23 contains the bulk of Plaintiffs' allegations that the Defendants' representations were false, and a few new allegations of fraud. The allegations in this paragraph, however, are again not pleaded with the requisite particularity. Subparagraph 23.a does not state any basis for finding that there was a duty to disclose the listed information. Subparagraph 23.b does not allege that Plaintiffs sought to involve IKLB in their negotiations, and the allegation that ILKB did not ordinarily negotiate with landlords is again impermissibly made on "information and belief." The same is true for Subparagraphs 23.f and 23.h.

Subparagraph 23.c alleges that ILKB's estimated buildout costs were lower than the costs Plaintiffs actually incurred, but there are no facts alleged supporting an inference that IKLB's

estimates were false or baseless when made. Likewise Subparagraph 21.i does not allege that IKLB was not achieving the represented trial membership volume when the statements was made. Subparagraph 23.d alleges that they were not able to operate their franchise on an absentee basis, but allege no facts that would put the blame for that on ILKB rather than Plaintiffs themselves. The same is true of Subparagraph 23.e.

Subparagraph 23.j alleges that ILKB told Plaintiffs that ILKB would not profit from fees paid to third parties, aside from a one-time fee. Plaintiffs, however, again fail to allege who said that, when they said it, or where they said it. Plaintiffs also fail to allege that the representation was false—instead they allege that the Defendants had an interest in the involved third-parties.

**********

To state a claim sounding in fraud, the Plaintiffs must allege what specifically was said, who said it, when and where they said it, and why it was false. Plaintiffs have failed to do so here. This Complaint does not meet the standards of Rule 9(b), and should be dismissed.

**II.     Rule 9(b) aside, Plaintiffs have not stated a plausible claim for fraud or negligent misrepresentation.**

Even if fraud were not subject to a heightened pleading standard, Plaintiffs' complaint would nevertheless fail to state a claim for relief. What Plaintiffs have alleged, even if taken as true, is not actionable under New York law.

"Under New York law, 'to state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006) (internal alteration omitted) (quoting *Kaufman v. Cohen*, 307 A.D.2d 113, 119, 760 N.Y.S.2d 157, 165 (1st Dep't 2003)).

Here, Plaintiffs' allegations do not satisfy these elements. It is well established that "a prediction of something which is expected to occur in the future will not sustain an action for fraud[.]" *Dragon Inv. Co. II LLC v. Shanahan*, 49 A.D.3d 403, 403, 854 N.Y.S.2d 115, 117 (App. Div. 1st Dept. 2008) (quoting *Zanani v Savad*, 217 A.D.2d 696, 697, 630 N.Y.S.2d 89 (App. Div.

2d Dept.1995)). This is fatal to many of Plaintiffs' allegations. Representations about Plaintiffs' expected profits, start-up costs, memberships and trial memberships were "just the sort of representations about future events that cannot support a claim for negligent misrepresentation." *See Hydro Inv'rs, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 21 (2d Cir. 2000) (forecasts of energy output not actionable in fraud). And while "a relatively concrete representation as to . . . future performance, if made at a time when the speaker knows that the represented performance cannot be achieved, may ground a claim of fraud," *N.Y. Islanders Hockey Club v. Comerica Bank-Texas*, 71 F. Supp. 2d 108, 118 (E.D.N.Y. 1999), there is no allegation in the Complaint that the Defendants knew Plaintiffs could not achieve these results when the statements were made.

Furthermore, "statements which are mere 'puffery' or opinions as to future events are not sufficient to state a fraud claim." *Id.* The alleged representations about the suitability of the franchise system for absentee ownership clearly qualify as opinion, and there is no allegation that the Defendants did not believe that to be the case.

## III. Plaintiffs' breach of contract claim is not adequately pleaded.

Plaintiffs' breach of contract allegations fail to state a claim, for several reasons. First, "[a] claimant's failure to plead the performance of its own contractual obligations is fatal to a breach of contract claim even if the other requisite elements are properly pleaded." *Comfort Inn Oceanside v. Hertz Corp.*, No. 11-CV-1534 (JG) (JMA), 2011 U.S. Dist. LEXIS 126294, at *9 (E.D.N.Y. Nov. 1, 2011). Plaintiffs do not plead that they performed their obligations under the franchise agreement, and have therefore failed to state a claim. *See id.* at *9-*10 (gathering cases).

Furthermore, "[t]o survive a motion to dismiss, a plaintiff must specifically allege the agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached." *E.g., Silverman v. Household Fin. Realty Corp.*, 979 F. Supp. 2d 313, 319 (E.D.N.Y. 2013). Plaintiffs do not do so here. Instead, Plaintiffs merely allege that there was an agreement and it contained some unspecified "marketing obligations." *See* Compl. ¶ 41. Without pleading what provisions of a contract ILKB allegedly violated, Plaintiffs cannot state a contract claim.

**IV.     Plaintiffs have not stated a claim for veil piercing.**

"New York courts apply a presumption of separateness to corporations and are hesitant to disregard the corporate form." *Sparig v. Danenberg*, No. 11-CV-5206 (JG) (VMS), 2013 U.S. Dist. LEXIS 206262, at *20 (E.D.N.Y. Aug. 9, 2013) (quoting *Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 403 (S.D.N.Y. 2007)). "Under New York law, a court may pierce the corporate veil where (1) 'the owners [of a corporation] exercised complete domination over the corporation with respect to the transaction at issue,' and (2) 'such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil.'" *Sparig*, 2013 U.S. Dist. LEXIS 206262, at *20-21 (quoting *Morris v. N.Y.S. Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141 (N.Y. 1993)). "Purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard." *Liberty Mut. Ins. Co. v. Horizon Bus Co.*, No. CV 10-0449 (JS) (WDW), 2011 U.S. Dist. LEXIS 31569, at *18-19 (E.D.N.Y. Feb. 22, 2011) (internal alteration omitted) (quoting *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 416 (S.D.N.Y. 2003)).

Here, Plaintiffs plead no facts at all to support their conclusory veil piercing claim *See* Compl. ¶¶ 59-67. The Court should therefore dismiss this claim.

**V.     Plaintiffs have not stated a New York Franchise Sales Act claim.**

Plaintiffs have failed to state a New York Franchise Act ("NYFSA") claim because (1) they have not pleaded any facts that would bring the dispute within the NYFSA and (2) even if they had, the statute of limitations bars the claim on the face of the Complaint.

      **A.**     *Plaintiffs have not alleged that the NYFSA applies to this claim.*

"By its terms, the NYFSA applies only when a person offers to sell or sells a franchise in the State of New York." *JM Vidal, Inc. v. Texdis USA Inc.*, 746 F. Supp. 2d 599, 616 (S.D.N.Y. 2011) (internal citation omitted); *accord, e.g.*, *EV Scarsdale Corp. v. Engel & Voelkers N. E. LLC*, 2015 NY Slip Op 25188, ¶ 4, 48 Misc. 3d 1019, 1028, 13 N.Y.S.3d 805, 812 (Sup. Ct.). The mere fact that a franchisor has its principal place of business in New York is not sufficient to invoke the statute. *JM Vidal*, 746 F.Supp. 2d at 617-18 ("Instead, only the *franchisee's* domicile matters for

9

purposes of determining whether the statute applies.") (emphasis in original); *accord Schwartz v. Pillsbury, Inc.*, 969 F.2d 840, 847 (9th Cir. 1992) ("The offeror, Haagen Dazs, was a New York corporation, but under the Act this circumstance is irrelevant.").

Here, Plaintiffs allege no facts connecting their claim to New York. They do not allege any offer was made or accepted in New York. They do not allege that they are domiciled in New York. They have, therefore, failed to state a claim for a violation of the NYFSA.

### B. *Plaintiffs' NYFSA claim is barred by the statute of limitations.*

The NYFSA incorporates a three-year limitations period. N.Y. Gen. Bus. Law § 691(4) ("An action shall not be maintained to enforce a liability created under this section unless brought before the expiration of three years after the act or transaction constituting the violation."). When plaintiffs complain of fraud or unregistered disclosures, the claim accrues when the plaintiff purchases the franchise. *Kroshnyi v. U.S. Pack Courier Servs.*, 771 F.3d 93, 103 (2d Cir. 2014).

Here, Plaintiffs allege that they purchased their ILKB franchise in February 2016. *See* Compl. ¶ 22. Despite the allegedly too-long startup period, Plaintiffs allege they opened their studio in June 2017. *See id.* They filed their Complaint on July 24, 2020, more than three years after they allegedly purchased the franchise and opened their ILKB studio. *See* ECF. 1. Plaintiffs NYFSA claim—if any—is therefore time-barred, and the Court should dismiss it.

### VI. Plaintiffs have not stated a Colorado Consumer Protection Act claim.

Plaintiffs have not stated a claim under the Colorado Consumer Protection Act ("CCPA") for two reasons. First, this claim is also barred by a three-year limitations period. Second, Plaintiffs have not adequately pleaded the requisite public interest impact.

### A. *Plaintiffs' CCPA claim is time-barred.*

CCPA claims "must be commenced within three years after the date on which the false, misleading, or deceptive act or practice occurred or the date on which the last in a series of such acts or practices occurred or within three years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive

act or practice." C.R.S. 6-1-115. "The critical inquiry of when an action accrues is knowledge of the facts essential to the cause of action, not knowledge of the legal theory upon which the action may be brought." *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 854 (Colo. App. 2007) (quoting *Winkler v. Rocky Mountain Conference*, 923 P.2d 152, 159 (Colo. App. 1995)). The diligence requirement "creates an objective standard, and 'does not reward denial or self-induced ignorance.'" *Olson*, 174 P.3d at 854 (quoting *Sulca v. Allstate Ins. Co.*, 77 P.3d 897, 900 (Colo. App. 2003)).

When fraud is at issue, the claim "accrues when the defrauded person has knowledge of facts which, in the exercise of proper prudence and diligence, would enable him to discover the fraud perpetrated against him." *Chidester v. E. Gas & Fuel Assoc.*, 859 P. 2d 222, 227 (Colo. App. 1992). Once a party is aware of "events which should have prompted them to investigate the facts which now underlie their claims," the claim accrues. *See id.*

Here, Plaintiffs allege no misrepresentations occurring after they signed their Franchise Agreement. Assuming the truth of Plaintiffs' allegations, they must have been aware of the conduct they complained of no later than June 2017—by which time they had incurred higher-than-predicted startup costs and had not received assistance in negotiating a lease. *See* Compl. ¶¶ 22-23. Even if they were not aware of each and every fact, they knew enough to trigger their duty to investigate. *See Chidester*, 859 P. 2d at 227-28. Plaintiffs' CCPA claim is therefore time-barred.

> **B.** *Plaintiffs have not pleaded a significant public impact.*

"To prove a private claim for relief under the CCPA, a plaintiff must show that . . . the challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property . . . ." *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 155 (Colo. 2007). In assessing public impact, Colorado courts consider "(1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do

11

so in the future." *Rhino Linings U.S. v. Rocky Mt. Rhino Lining*, 62 P.3d 142, 149 (Colo. 2003).

Here, Plaintiffs' Complaint "does not plead sufficient facts to allege that the practices underlying the dispute between these commercial parties 'significantly impact the public.'" *See Priority Fulfillment Servs. v. Gaiam Ams. Inc.*, 2018 U.S. Dist. LEXIS 194107, at *15 (S.D.N.Y. Nov. 14, 2018) (internal alteration omitted) (quoting *James v. Penguin Grp. (USA) Inc.*, No. 13 Civ. 2801 (DLC), 2014 U.S. Dist. LEXIS 50769, 2014 WL 1407697, at *1 (S.D.N.Y. Apr. 11, 2014).

"Plaintiffs have not alleged any facts related to the number of consumers directly affected by the challenged practice or the relative sophistication and bargaining power of the consumers affected by the challenged practice." *Allbrandt v. Bank of Am.*, N.A., Civil Action No. 14-cv-01977-CMA-KMT, 2015 U.S. Dist. LEXIS 30476, at *12 (D. Colo. Mar. 12, 2015) (citing *Rhino Linings*, 62 P.3d at 146-47). "Plaintiffs must address these requirements to properly state a claim." *Allbrandt*, 2015 U.S. Dist. LEXIS 30476, at *12. Instead, Plaintiffs provide only a bare recitation of the elements, *see* Compl. ¶¶ 50-54.

While Plaintiffs contend that ILKB sold "dozens" of other franchises by way of the alleged misconduct, there is no allegation that these franchisees were located in Colorado or induced to contract with ILKB by means of any public acts. Nor could Plaintiffs plausibly allege that large swaths of the public are both unsophisticated *and* able to invest six figures in a new business. *See Curragh Queensl. Mining Ltd. v. Dresser Indus.*, 55 P.3d 235, 241 (Colo. App. 2002) (no CCPA claim in transaction involving multi-million dollar equipment).

## **CONCLUSION**

Plaintiffs have failed to state a claim against ILKB. The Court should therefore dismiss the claims against it.

Dated: August 20, 2020

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
    Peter G. Siachos, NY Bar No. 4436168
    psiachos@grsm.com
    ***Attorneys for Defendant ILKB, LLC***
    18 Columbia Turnpike, Suite 220
    Florham Park, NJ 07932
    (973) 549-2532