## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS CALLEN; COURTNEY CALLEN; and GOLDEN POLAR BEAR, LLC,<br><br>Plaintiff,<br><br>vs<br><br>ILKB, LLC; MICHAEL PARRELLA; RYAN HEALY; and SCOTT FERRARI, each individually; and ILKB TOO, LLC; DANIEL CASTELLINI; and SHAUN YORK, each as successor by merger to ILKB, LLC,<br><br>Defendants. | Civil Action No.: 2:20-cv-03345-DRH-ST<br><br>**DEFENDANTS ILKB LLC, ILKB TOO LLC, MICHAEL PARRELLA, DANIEL CASTELLINI, AND SHAUN YORK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)** |

### INTRODUCTION

Despite having twice amended their claims, Plaintiffs have failed to state a claim in their Second Amended complaint, or to plead any jurisdictional facts whatsoever against Defendants Castellini, York, Parrella, ILKB, or ILKB Too. Furthermore, the arguments Plaintiffs raised in their response to the Defendants' request for a pre-motion conference are unfounded and ignore well-established New York and federal law. These claims have no merit, and should be dismissed with prejudice to refiling.

### FACTUAL BACKGROUND

ILKB LLC ("ILKB") was the original franchisor of the iLoveKickboxing system. Plaintiffs are disgruntled former franchisees who acquired an iLoveKickboxing franchise in 2016, and initiated an arbitration against ILKB in 2019.

ILKB Too is a Florida Limited Liability Company with its principle place of business in that state. ILKB Too purchased the assets of ILKB in June 2020. ILKB Too did not acquire

ILKB's liabilities. Castellini and York are officers and the sole members of ILKB Too. Castellini is a California domiciliary. York is a Florida domiciliary.

## PERSONAL JURISDICTION - ARGUMENT AND AUTHORITY

The Court should dismiss as to Castellini, York, and ILKB Too because none of them is subject to personal jurisdiction in the State of New York. "There are two types of personal jurisdiction: specific and general." *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 392 (E.D.N.Y. 2018) (quoting *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014)). "General jurisdiction permits a court to exercise personal jurisdiction over a defendant regardless of whether the underlying claim has a connection to the forum. . . . Specific jurisdiction requires a connection between the forum exercising jurisdiction over the defendant and the underlying controversy that gave rise to the claim. *Trisvan*, 305 F. Supp. 3d at 392-93 (citing *Sonera*, 750 F.3d at 225)). District courts sitting in diversity look to the laws of the forum state to determine whether they have personal jurisdiction over a defendant. *See Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020).

## I.     Legal Standard

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *Id.* This requires that the "factual allegations constitute a prima facie showing of jurisdiction." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). "A prima facie case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Chirag v. MT Marida Marguerite*

2

*Schiffahrts*, 604 Fed. Appx. 16, 19 (2d Cir. 2015) (Summ. Order) (citing *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 186 (2d Cir. 1998)). If "the plaintiff ha[s] not made out a prima facie case for jurisdiction," the Court may dismiss the claim without allowing jurisdictional discovery. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007).

## II.  <u>Plaintiffs do not allege jurisdictional facts against Castellini, York, or ILKB Too.</u>

Here, Plaintiffs do not identify any factual basis for personal jurisdiction over Castellini, York, or ILKB Too. Instead Plaintiffs make conclusory allegations that each of these defendants (1) is a "successor by merger" to ILKB, (2) transacted business in New York by acquiring ILKB, (3) transacts business in New York by continuing ILKB's business, and (4) derives revenue in New York from ILKB. *See* Second Am. Compl. ¶¶ 10-12. These allegations are not sufficient to establish either general or specific personal jurisdiction, because they are bare legal conclusions. *See Jazini,* 148 F.3d at 186.

Plaintiffs later expand on the "merger" allegation, but again only recite legal conclusions unsupported by any facts. Plaintiffs allege that Castellini, York, and ILKB Too are successors-by-merger because (1) "Parrella, directly or indirectly, retained an interest in ILKB," (2) ILKB ceased doing business or dissolved shortly after the merger, (3) ILKB Too assumed ILKB's liabilities, and (4) there was "continuity of certain management, personnel, assets and general business operations." *See* Second Am. Compl. ¶ 32. Again, Plaintiffs allege no facts to support these conclusions.

Finally, Plaintiffs also allege that Castellini, York, and ILKB Too "expressly or impliedly assumed the ILKB predecessor's tort liability," (2) that "the merger or de facto merger resulted in a consolidation of ILKB TOO Defendants with ILKB," (3) that "the surviving business is a mere continuation of the ILKB predecessor," and (4) "the merger or de facto merger was entered into fraudulently or wrongfully to avoid ILKB's liabilities . . . ." Second Am. Compl. ¶ 34. As before, these conclusions are not supported by any factual allegations whatsoever.

### A.    **The alleged facts do not establish specific personal jurisdiction in New York**

State.

"For specific jurisdiction, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *In re del Valle Ruiz*, 939 F.3d 520, 529 (2d Cir. 2019) (internal alteration and punctuation omitted) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017)). "Put differently, specific jurisdiction permits adjudicatory authority only over issues that arise out of or relate to the entity's contacts with the forum." *In re del Valle Ruiz*, 939 F.3d at 529 (internal alterations and punctuation omitted) (quoting *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014)).

Specific jurisdiction is evaluated with a "two-step analysis." *Id.* "The court must first look to the state's long-arm statute. If the court can exercise jurisdiction pursuant to the long-arm statute, the court must subsequently determine whether the exercise of personal jurisdiction over the defendant would comport with the Due Process Clause of the United States Constitution." *Trisvan*, 305 F. Supp. 3d at 391. "Under New York law, courts exercise specific jurisdiction pursuant to New York Civil Practice Law and Rules ('CPLR') section 302 . . . ." *Id.* at 393.

### 1. *Plaintiffs have not pleaded a prima facie case for jurisdiction under the long-arm statute.*

CPLR Section 302—unlike some other long-arm statutes—"does not provide for in personam jurisdiction in every case in which due process would permit it . . . ." *Talbot v. Johnson Newspaper Corp.*, 71 N.Y.2d 827, 829-30, 527 N.Y.S.2d 729, 731, 522 N.E.2d 1027 (1988). Instead, CPLR Section 302(a) sets out a few specific situations in which New York will assert specific jurisdiction over out-of-state residents over "a cause of action arising from any of the acts enumerated in this section . . . ." Those enumerated acts include: (1) transacting any business in New York, and (2) committing torts outside the state causing an injury in the state *if* the tortfeasor regularly does business in New York or "derives substantial revenue from goods used or consumed or services rendered" in New York. Plaintiffs allege no facts that would satisfy CPLR Section 302.

4

a.    *Plaintiffs have not adequately pleaded that Castellini, York, or ILKB Too have transacted business in New York.*

Plaintiffs allege that each of Castellini, York, and ILKB Too "has and continues to transact business within the State of New York by acquiring or merging with ILKB, LLC in New York and by continuing ILKB, LLC's business in New York." Second Am. Compl. ¶¶ 10-12. This Court has identified five factors going to whether a party has "transacted business" in New York for the purposes of the long-arm statute:

> (1) whether the defendant has an on-going contractual relationship with a New York entity;
>
> (2) whether the contract was negotiated or executed in New York, and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship;
>
> (3) whether the contract is to be performed in New York;
>
> (4) whether the contract requires notices and payments to be sent to New York; and
>
> (5) whether the contract contains a New York choice-of-law clause.

*Mortg. Funding Corp. v. Boyer Lake Pointe, L.C.*, 379 F. Supp. 2d 282, 286 (E.D.N.Y. 2005) (line breaks added).

Here, Plaintiff has alleged no fact going to any of these factors. There is no allegation of an ongoing contractual relationship in New York, no allegation of any negotiations in New York, no allegation of any performance in New York, no allegations that a contract requires notice or payment in New York, and no allegation of a New York choice-of-law clause.

Instead, all Plaintiffs offer is an email in which Castellini and York announced the acquisition of ILKB's assets to its franchisees. *See* Second Am. Compl. ¶ 31, Ex. B. Nothing in that email suggests any connection between these defendants and New York. *See id.*

Moreover, courts have repeatedly held that merely purchasing an interest in a New York business does not create personal jurisdiction in New York. *See Generale Bank, N.Y. Branch v. Choudury*, 776 F. Supp. 123, 123-24 (S.D.N.Y. 1991) (defendant who purchased an interest in a

5

New York limited partnership did not "transact business" in New York for purposes of Section 302); *Barington Capital Grp., L.P. v. Arsenault*, 281 A.D.2d 166, 166, 721 N.Y.S.2d 58, 59 (App. Div. 1st Dept. 2001) (no long-arm jurisdiction over Californian who bought stock in New York company, allegedly without intending to pay); *Culkin v. Smith*, 57 Misc. 2d 901, 905, 293 N.Y.S.2d 913, 917 (Sup. Ct. 1968) (no long-arm jurisdiction over Pennsylvanian who bought stock in New York company). This is sensible; any other approach would have the absurd effect of making shareholders in New York corporations subject to personal jurisdiction in New York for the corporations' torts.

Plaintiffs, therefore, have not pleaded a prima facie case that Castellini, York, or ILKB Too are subject to the long-arm statute on the basis of transacting business in New York. What Plaintiffs allege—that Castellini and York represented that there had been an acquisition of the assets of the New York business—is not sufficient to invoke CPLR Section 302 on the basis of transacting business in New York

> b. *Even if these defendants derive revenue from New York, it does not establish jurisdiction.*

The Plaintiffs also allege that each of these defendants "derives revenue in New York through the ILKB, LLC business." Second Am. Compl. ¶¶ 10-12. That is not sufficient to establish long-arm jurisdiction, for three reasons.

First, using New York revenue to establish long-arm jurisdiction would require connecting the revenue to a "tortious act." CPLR § 302(a)(3). Plaintiffs do not allege that Castellini, York, or ILKB Too have committed any torts at all, much less alleged any connection between the alleged revenue and any tort. The long-arm statute therefore does not apply.

Second, the revenue would have to be "substantial" to invoke the statute. *See* CPLR § 302(a)(3)(i). There is no such allegation. The long-arm statute therefore does not apply.

Third, the revenue must be connected to "goods used or consumed or services rendered" in New York. Plaintiffs do not allege that the derived revenue comes from "goods used or consumed or services rendered" in New York. The long-arm statute therefore does not apply.

       c.     *Because the long-arm statute does not apply on the face of the complaint, the Court has no jurisdiction over these defendants.*

Because New York's long-arm statute does not reach to the limits of due process, the Plaintiffs must establish that the long-arm statute extends jurisdiction to the defendants on its terms. *See Talbot*, 71 N.Y.2d at 829-30. They have not. Acquiring an interest in—or assets of—a New York business does not satisfy the statute. Nor does deriving revenue from a New York business. If it did, every shareholder in a New York company distributing dividends would be subject to personal jurisdiction here. That is not the law, and the Court should dismiss the claim against Castellini, York, and ILKB Too.

      **2.**     ***Even if Section 302 applied to one of these Defendants, constitutional due process would not allow New York courts to exercise specific personal jurisdiction.***

Even if New York's long-arm state covered Plaintiff's allegations against Castellini, York, and ILKB Too, the Due Process Clause would forbid applying the long arm statute on the alleged facts. None of the activities Plaintiffs allege against these Defendants connects with New York or Plaintiffs' claims, and exercising jurisdiction would violate traditional notions of fair play and substantial justice.

"The Supreme Court has set out three conditions for the exercise of specific jurisdiction over a nonresident defendant. 'First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State. Second, the plaintiff's claim must arise out of or relate to the defendant's forum conduct. Finally, the exercise of jurisdiction must be reasonable under the circumstances.'" *U.S. Bank Nat'l Ass'n v. Bank of Am. Nat'l Ass'n*, 916 F.3d 143, 150 (2d Cir. 2019) (quoting *Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1785-86, 198 L. Ed. 2d 395 (2017) (Sotomayor, J., Dissenting)). None of these conditions is met here.

       a.     *Plaintiffs have not alleged that ILKB Too, Castellini, or York purposefully availed themselves of the privilege of transacting business in New York.*

For the purposeful availment condition, "'the defendant's suit-related conduct must

create a substantial connection with the forum State'— that is, the 'defendant itself' must create

those contacts, and those contacts must be with the 'forum State itself,' not simply with persons

who reside there." *U.S. Bank*, 916 F.3d at 150 (internal alteration omitted) (quoting *Walden v.

Fiore*, 571 U.S. 277, 134 S. Ct. 1115, 1121-22 (2014)). "Thus, although a defendant's contacts

with the forum state may be 'intertwined with its transactions or interactions with the plaintiff or

other parties, a defendant's relationship with a third party, standing alone, is an insufficient basis

for jurisdiction.'" *U.S. Bank*, 916 F.3d at 150 (internal alteration omitted) (quoting *Walden v.

Fiore*, 134 S. Ct. at 1123 (2014)).

Here, however, the Plaintiffs allege contact only with *ILKB*, not with *New York*. Plaintiffs

allege that ILKB Too, Castellini, or York acquired an interest in or assets of a New York

Company. While this might count as contacts with a person residing in New York, it is not

contact with New York itself. At best, Plaintiffs have alleged a "relationship with a third party"

that, "standing alone, is an insufficient basis for jurisdiction." *See U.S. Bank*, 916 F.3d at 150

(internal alteration omitted) (quoting *Walden v. Fiore*, 134 S. Ct. at 1123 (2014)).

> b.    *Plaintiff's claims do not arise from or relate to the alleged
>       conduct.*

For the second condition, Plaintiffs must allege sufficient facts to establish that their

claims "arise out of or relate to the [ILKB Too, Castellini, or York's] forum conduct." *U.S. Bank*,

916 F.3d at 150 (internal alteration omitted) (quoting *Walden v. Fiore*, 134 S. Ct. at 1123

(2014)). In a case like this, the Second Circuit requires a causal connection between the

defendant's forum-related conduct and the plaintiff's injury.

> Where the defendant has had only limited contacts with the state it
> may be appropriate to say that he will be subject to suit in that state
> only if the plaintiff's injury was proximately caused by those
> contacts.

*SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 344 (2d Cir. 2018).

Here, there is no causal connection between Plaintiffs' alleged injuries and ILKB Too,

Castellini, or York's alleged forum conduct. Plaintiffs' injuries allegedly arise out of the other

Defendants' conduct, and Plaintiffs initiated their claim against those Defendants for those injuries before ILKB Too, Castellini, or York allegedly acquired ILKB's assets. *See* Compl. ¶¶ 27, 31. Due process, therefore, will not allow New York courts to exercise personal jurisdiction over ILKB Too, Castellini, or York, because their forum contacts are unrelated to the Plaintiffs' claims.

   c. *Exercising jurisdiction over ILKB Too, Castellini, and York would not be reasonable under the circumstances.*

   "Under the reasonableness inquiry, [courts] evaluate the following factors: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the 'interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and (5) 'the shared interests of the several States in furthering fundamental substantive social policies.'" *U.S. Bank*, 916 F.3d at 151 n.5 (quoting *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033 (1987)). The burden on the defendant is the most important factor. *See id.*

   Here, it is burdensome to ask Floridians and a Californian to litigate in New York, especially given that the COVID-19 pandemic is once more on the rise. New York has no interest in resolving a claim by Coloradans against Floridians and a Californian over a Colorado business. Plaintiffs have an extraordinarily limited interest in obtaining relief against ILKB Too, Castellini, or York—the other Defendants are the primary alleged wrongdoers, and Plaintiffs' claims against ILKB Too, Castellini, and York are facially defective.[1] Efficient resolution favors dismissing these facially defective claims at an early stage. There are no apparent social policies implicated by the alleged asset purchase. These factors, therefore, all weigh heavily against exercising jurisdiction.

   **3.** *Plaintiffs cannot establish personal jurisdiction on a merger theory*

   Plaintiffs claim that these defendants are subject to jurisdiction in New York because they are "successors by merger to Defendant, ILKB[.]" Second Am. Compl. ¶ 14. Whether

---

[1] *See* the Defendants' joint 12(b)(6) motion to dismiss, filed contemporaneously with this motion.

successor *liability* establishes successor *jurisdiction* "depends on the basis of the successor liability." *U.S. Bank N.A. v Bank of Am. N.A.*, 916 F.3d 143, 156 (2d Cir. 2019). It is beyond dispute that successor jurisdiction does not attach to asset purchases. *See id.*; *BRG Corp. v Chevron U.S.A., Inc.*, 163 A.D.3d 1495, 1495 (4th Dept. 2018); *Semenetz v. Sherling & Walden, Inc.*, 21 A.D.3d 1138, 1140, (3d Dept. 2005), aff'd, 7 N.Y.3d 194, 851 N.E.2d 1170 (2006).

Whether successor jurisdiction can attach to a merger under New York law is less clear. In *U.S. Bank*, for instance, the panel split over whether *BRG Corp.* and *Semenetz* left open the possibility of successor jurisdiction in the context of a merger. *See U.S. Bank N.A.*, 916 F.3d at 155-60. Some judges have held that successor jurisdiction is categorically unconstitutional. *See Rutgerswerke AG v. Abex Corp.*, 93 CIV. 2914 (JFK), 1995 WL 625701, at *3 (S.D.N.Y. Oct. 25, 1995) (constitutional rule that each defendant's jurisdictional contacts must be assessed individually "requires that substantive legal precepts of successor liability should be disregarded in an assessment of personal jurisdiction."). Other judges have held that successor jurisdiction is available if "the predecessor and successor [are] one and the same and [] the predecessor continue[s] to exist as part of the successor." *Linzer v. EMI Blackwood Music, Inc.*, 904 F. Supp. 207, 213 (S.D.N.Y. 1995).

The *U.S. Bank* majority—considering various New York cases—concluded that "while successor liability based on acquisition of a predecessor's assets does not necessarily make the defendant also amenable to jurisdiction . . . the rule is different where the successor liability of the defendant derives from a merger with the predecessor." 916 F.3d at 156. Here, however, the Plaintiffs have not pleaded facts sufficient to establish a merger *or* successor liability. Even under a more permissive approach to successor jurisdiction, then, there is none here.

a.     *Plaintiffs have not pleaded facts establishing a merger.*

The elements of de facto merger are:

(1) continuity of ownership;

(2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible;

10

(3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and

(4) continuity of management, personnel, physical location, assets, and general business operation.

*N.Y. v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006). Plaintiffs again plead no *facts* establishing any of these elements—they merely recite them as conclusions. *See* Second Am. Compl. ¶ 75. The only *factual* allegations relate to the email, and the email indicates nothing more than an asset purchase. *See id.* at Ex. B. This alone is fatal to any successor jurisdiction argument. *See Chirag*, 604 Fed. Appx. at 19 (citing *Jazini*, 148 F.3d at 186).

Moreover, continuity of ownership is essential to finding a de facto merger. *Id.* at 211. It is not present here. Castellini and York are natural persons and Parrella does not and cannot own them. *See* U.S. Const. Amend. XIII. Nor does Parrella own any portion of ILKB Too.

> b.   *To plead successor jurisdiction, Plaintiffs must allege a prima facie case of successor liability. They have not.*

"Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities." *Douglas*, *v. Stamco*, 363 F. App'x 100, 101 (2d Cir. 2010) (quoting *N.Y. v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006)). "Therefore, successor liability attaches only where: '(1) the successor expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *See Douglas*, 363 F. App'x at 101-02 (internal alteration omitted) (quoting *Nat'l Serv.*, 460 F.3d at 209.

Here again, Plaintiffs have not established a prima facie case of successor liability. "A prima facie case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *E.g., Chirag*, 604 Fed. Appx. at 19 (citing *Jazini*, 148 F.3d at 186). Rather than make any "fact-specific allegations," Plaintiffs

have merely recited the elements of successor liability. *Compare id.* at ¶¶ 31-34, 74-79 *with Douglas*, 363 F. App'x at 102 (listing factors for evaluating de facto merger). More is needed to make out a prima facie case.

The only question remaining, therefore, is whether the alleged email—or the facts represented therein—establish successor liability. It could not. Nothing in the email suggests that Castellini, York, or ILKB Too agreed to assume ILKB's debts. Nor does the email support a merger theory—the email explicitly states that there has been an asset acquisition. The email does not mention ILKB Too, and Castellini and York (being natural persons) could not merge with ILKB.

**B.    The alleged facts do not establish general personal jurisdiction in New York State.**

A court may exercise general jurisdiction over a foreign person "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122, 134 S. Ct. 746, 751 (2014) (alteration omitted) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011)).

"[E]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020). Here, Plaintiffs allege that ILKB Too is a Florida Limited Liability Company with an office in Florida. Plaintiffs do not allege that ILKB Too is organized in New York or that ILKB Too has its principle place of business in New York. *See* Compl. ¶ 10. Plaintiffs, therefore, have not pleaded a prima facie case of general personal jurisdiction over ILKB Too.

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear*, 564 U.S. at 920; *accord Daimler*, 571 U.S. at 137. Plaintiff alleges that Castellini and York reside in California and Florida, respectively. *See* Compl. ¶¶ 11-12. Because Plaintiffs do not allege that Castellini and York are New York domiciliaries,

Plaintiffs have not made a prima facie case of general personal jurisdiction over them.

## FAILURE TO STATE A CLAIM - ARGUMENT AND AUTHORITY

All of the claims asserted against Parrella and ILKB, LLC ("ILKB") are fatally defective. Every claim against these defendants rests on averments of fraud, but none is pleaded with the particularity Fed. R. Civ. P. 9(b) requires. Plaintiffs' statutory claims—brought under New York's franchise sales law and Colorado's Consumer Protection Act—are clearly time-barred. Plaintiffs plead a contract claim, but fail to allege that they substantially performed (in fact, they did not) or even what contractual terms ILKB allegedly violated. And, Plaintiffs ask the Court to pierce ILKB's corporate veil, but offer no factual allegations to justify that extraordinary remedy. This Complaint does not meet the standards of Rule 8 or Rule 9. Thus, the Court should dismiss the claims against Parrella and ILKB under Rule 12(b)(6).

Under Rule 8(a)(2), a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Under Rule 12(b)(6), Courts may dismiss an action if the complaint does not state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.at 678.

"As the Supreme Court has explained, this standard creates a 'two-pronged approach,' based on 'two working principles[.]'" *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 717 (2d Cir. 2013) (internal alteration omitted) (quoting *Iqbal*, 556 U.S. at 678-79). "First, although a complaint need not include detailed factual allegations, it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678-79). Similarly, a court need not "'"accept as true a legal conclusion couched as a factual allegation."'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "Second, 'when there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The complaint must support "'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## I.      Plaintiffs' statutory claims are time-barred.

### A.      *The NYFSA claim is time-barred.*

The NYFSA incorporates a three-year limitations period. N.Y. Gen. Bus. Law § 691(4) ("An action shall not be maintained to enforce a liability created under this section unless brought before the expiration of three years after the act or transaction constituting the violation."). The claim accrues when the plaintiff purchases the franchise. *Kroshnyi v. U.S. Pack Courier Servs.*, 771 F.3d 93, 103 (2d Cir. 2014).

Here, Plaintiffs allege that they purchased their ILKB franchise in February 2016. *See* Compl. ¶ 22. Despite the allegedly too-long startup period, Plaintiffs allege they opened their studio in June 2017. *See id.* They filed their Complaint on July 24, 2020, more than three years after they allegedly purchased the franchise and opened their ILKB studio. *See* ECF. 1. Plaintiffs NYFSA claim—if any—is therefore time-barred, and the Court should dismiss it.

Plaintiffs will try to avoid the NYFSA limitations period by invoking a discovery rule. However no discovery rule applied to NYFSA claims. "The case law is quite clear that the New York Franchise Sales Act does not incorporate a 'date of discovery' rule for fraud-based claims . . . ." *June-Il Kim v. Suk Inc.*, 2013 U.S. Dist. LEXIS 24703, at *9 (S.D.N.Y. Feb. 22, 2013) (citing *G.L.M. Sec. & Sound, Inc. v. LoJack Corp.*, No. 10-cv-4701(JS)(ARL), 2012 U.S. Dist. LEXIS 142549, 2012 WL 4512499, *5 (E.D.N.Y. Sept. 28, 2012)). Likewise, because disclosure registration and notice requirements are a matter of public record, a franchisor is on inquiry notice of a claim for non-registration on the date of sale. *See Kroshnyi*, 771 F.3d at 103.

### B.      *The CCPA claims are time-barred.*

CCPA claims have a three-year statute of limitations running from when "the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." C.R.S. 6-1-115. When fraud is at issue, the

14

claim "accrues when the defrauded person has knowledge of facts which, in the exercise of proper prudence and diligence, would enable him to discover the fraud perpetrated against him." *Chidester v. E. Gas & Fuel Assoc.*, 859 P. 2d 222, 227 (Colo. App. 1992). Once a party is aware of "events which should have prompted them to investigate the facts which now underlie their claims," the claim accrues. *See id.*

Assuming the truth of Plaintiffs' allegations, they must have been aware of the conduct they complained of no later than June 2017—by which time they had incurred higher-than-represented startup costs and had not received assistance in negotiating a lease. *See* Compl. ¶¶ 22-23. Even if they were not aware of each and every fact, they knew enough to trigger their duty to investigate. *See Chidester*, 859 P.2d at 227-28. Plaintiffs' CCPA claim is therefore time-barred.

## C.     *The arbitration proceeding is not relevant to the limitations period.*

Plaintiffs will seek to avoid the limitations period by arguing that the limitations period was tolled while their arbitration demand was pending with JAMS. In their letter response to the Defendants' request for leave to file a motion to dismiss, Plaintiffs misleadingly cited *Individual Securities, Ltd. v. Ross*, 152 F.3d 918, *1-2 (2nd Cir. 1998) for this proposition. *See* ECF No. 17 p.2. As a threshold matter, this 1998 unpublished decision should not have been cited to the Court. *See* 2d Cir. R. 32.1.1. Moreover, that case turned on a NASD rule tolling limitations periods during the pendency of arbitrations. *See Individual Sec., Ltd. v. Ross*, 152 F.3d 918, *1-*2. (2d Cir. 1998). Plaintiffs have cited no equivalent JAMS rule. *Individual Securities*, then, simply does not stand for the proposition for which Plaintiffs cited it.

Plaintiffs also argue—without any authority—that their claims "relate back" to the date they commenced the arbitration. *See* ECF No. 17 p.2. New York law does recognize a relating-back doctrine, but only for amended pleadings. *See* CPLR § 203(f). If the New York legislature had wanted to allow relation-back to the institution of arbitration proceedings, it would have said so. Because it did not, Plaintiffs' argument fails.

Plaintiffs' disingenuous complaints about the arbitration equally meritless. The Franchise

Agreement required the Plaintiffs to meet with ILKB's officers in New York to negotiate in good faith, and to submit to mediation if that failed, before initiating arbitration. *See* Second Am. Compl. Ex. A at § 14.1-.2. Plaintiffs are notably silent as to whether they complied with those requirements. Because Plaintiffs' Complaint does not allege that the conditions precedent to mediation had occurred, they cannot use the Defendants "failure" to participate in arbitration to escape the applicable statutes of limitations. Moreover, nothing stopped Plaintiffs from moving to compel arbitration, or from initiating this action, before the limitations periods expired. Plaintiffs' allegations do not wash away the applicable statutes of limitations. They knew of their claims. They waited until the limitations period expired to file their lawsuit. Their claims are barred.

## II.     **Plaintiff Golden Polar Bear lacks standing under well-established law.**

Golden Polar Bear is not a proper plaintiff to any claim but the CCPA claim. Golden Polar Bear was not a party to the alleged contract. It received no disclosures or representations. It simply has no interest in the dispute before the Court.

### A.     *New York only allows fraud claims by persons intended to rely on a fraudulent statement.*

New York law holds that the only the people a defendant intended to induce to rely on their representations may assert a fraud claim. Here, Plaintiff Golden Polar Bear did not exist at the time of the alleged misrepresentations or omissions, so the Defendants could not have intended that Plaintiff would rely on their statements. Golden Polar Bear, therefore, cannot bring a fraud claim based on those alleged misrepresentations or omissions. Under New York law, the elements of fraud are:

> (1) a misrepresentation or a material omission of material fact which was false and known by defendant to be false,

> (2) made for the purpose of *inducing the plaintiff* to rely on it, and

> (3) justifiably relied upon by the plaintiff,

> (4) who then suffered an injury as a result of such reliance.

*City of N.Y. v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 454 (2d Cir. 2008) (line breaks and emphasis added), *rev. on other grounds by Hemi Grp., LLC v. City of N.Y.*, 559 U.S. 1, 1, 130 S. Ct. 983, 984 (2010). New York's Court of Appeals has explicitly rejected reliance by third parties as a basis for fraud claims. "[U]nder New York law, such third-party reliance does not satisfy the reliance element of a fraud claim." *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 827, 37 N.Y.S.3d 750, 756, 59 N.E.3d 485, 491 (2016). Fraud requires that the misrepresentation be """made for the purpose of inducing *the other party* to rely upon it[.]""" *Id.* (emphasis added) (quoting *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 178, 919 N.Y.S.2d 465, 469, 944 N.E.2d 1104, 1108 (2011)).

Here, Plaintiffs cannot allege that Defendants' purpose was to induce reliance Golden Polar Bear. Nor could they—Golden Polar Bear did not exist[2] when Defendants allegedly made their misrepresentations or omissions. *Compare* Second Am. Compl. ¶¶ 16-17, 20, 22 (all representations made before agreement executed in February 2016) *with* Articles of Organization, Ex. A (Golden Polar Bear formed March 2016). Golden Polar Bear therefore has no fraud claim.

This same issue precludes the NYFSA claim. As Golden Polar Bear did not exist when ILKB made its disclosures or the individual Plaintiffs signed their franchise agreement, it has no standing to sue under the statute. *See* N.Y. Gen. Bus. Law § 691 ("A person who offers or sells a franchise . . . is liable to *the person purchasing the franchise* for damages . . . .") (emphasis added).

**B.     *Golden Polar Bear was not a party to the contract.***

Golden Polar Bear was not a party to the franchise agreement. *See* Second Am. Compl. Ex. A at pp. 1, 34. It has no contract claim.

---

[2] Under Fed. R. Evid. 201, the Court can take judicial notice of official records, which show that Golden Polar Bear was formed on March 31, 2020. *See* Colorado Secretary of State, Business Entity Search, available at: https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=20161235142&entityId2=20161235142&fileId=20161235142&srchTyp=ENTITY (last accessed Nov. 20, 2020).

III.    **Plaintiffs have failed to state a claim upon which relief can be granted.**

      A.    ***Plaintiffs have failed to state a NYFSA claim.***

            1.    <u>Plaintiffs have not alleged a sale in New York.</u>

"By its terms, the NYFSA applies only when a person offers to sell or sells a franchise in the State of New York." *JM Vidal, Inc. v. Texdis USA Inc.*, 764 F. Supp. 2d 599, 616 (S.D.N.Y. 2011) (internal citation omitted); *accord, e.g.*, *EV Scarsdale Corp. v. Engel & Voelkers N. E. LLC*, 2015 NY Slip Op 25188, ¶ 4, 48 Misc. 3d 1019, 1028, 13 N.Y.S.3d 805, 812 (Sup. Ct.). The mere fact that a franchisor has its principal place of business in New York is not sufficient to invoke the statute. *JM Vidal*, 746 F.Supp. 2d at 617-18 ("Instead, only the *franchisee's* domicile matters for purposes of determining whether the statute applies.") (emphasis in original); *accord Schwartz v. Pillsbury, Inc.*, 969 F.2d 840, 847 (9th Cir. 1992) ("The offeror, Haagen Dazs, was a New York corporation, but under the Act this circumstance is irrelevant.").

Here, Plaintiffs allege no facts connecting their claim to New York. They do not allege any offer was made or accepted in New York. They do not allege that they are domiciled in New York. They have, therefore, failed to state a claim for a violation of the NYFSA.

Seeking to avoid this issue, Plaintiffs allege in their second amended complaint that "[t]he IKLB Defendants offered for sale and sold in and from New York the franchise iLoveKickboxing . . . ." Second Am. Compl. ¶ 37. The Court should disregard this allegation; it is a mere conclusion of law and recitation of the elements supported by no allegations of fact. Plaintiffs cannot save their inadequate pleading by simply reciting an element of their claim.

      B.    ***Plaintiffs have failed to state a claim for breach of contract.***

Plaintiffs' breach of contract allegations fail to state a claim, for several reasons. First, "[a] claimant's failure to plead the performance of its own contractual obligations is fatal to a breach of contract claim even if the other requisite elements are properly pleaded." *Comfort Inn Oceanside v. Hertz Corp.*, No. 11-CV-1534 (JG) (JMA), 2011 U.S. Dist. LEXIS 126294, at *9 (E.D.N.Y. Nov. 1, 2011). Plaintiffs do not plead that they performed their obligations under the franchise agreement, and have therefore failed to state a claim. *See id.* at *9-*10 (gathering

cases).

### C.   *Plaintiffs have failed to state a claim for fraud or negligent misrepresentation.*

Even if fraud were not subject to a heightened pleading standard, Plaintiffs' complaint would nevertheless fail to state a claim for relief. What Plaintiffs have alleged, even if taken as true, is not actionable under New York law.

"Under New York law, 'to state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006) (internal alteration omitted) (quoting *Kaufman v. Cohen*, 307 A.D.2d 113, 119, 760 N.Y.S.2d 157, 165 (1st Dep't 2003)). Plaintiffs' allegations do not satisfy these elements.

#### 1.   Omission of matters of public record is not actionable in New York.

Plaintiffs complain that ILKB failed to disclose Parrella's personal bankruptcy and litigation involving a "predecessor" entity. *See* Second Am. Compl. ¶¶ 18.a-.b, 23.a. That is not actionable.

Under New York law, one "cannot establish justifiable reliance or a duty to disclose where the information at issue was a matter of public record that could have been discovered through the exercise of ordinary diligence.") *E.g., 246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, No. 09-CV-889 (NGG) (JMA), 2012 U.S. Dist. LEXIS 133280, at *45 (E.D.N.Y. Sep. 18, 2012). The existence of a litigation and bankruptcy are such public facts. *Crotona 1967 Corp. v. Vidu Bros. Corp.*, 925 F. Supp. 2d 298, 312 (E.D.N.Y. 2013) ("In any event, lawsuits and bankruptcy proceedings are matters of public record, and any involving [a third party] could have been uncovered with due diligence."); *see also Auchincloss v. Allen*, 211 A.D.2d 417, 417, 621 N.Y.S.2d 305, 306 (App. Div. 1st Dept. 1995) ("The existence of other litigation . . . was a matter of public knowledge which defendant could have discovered through the exercise of ordinary diligence . . . ."); *Aaron Ferer & Sons, Ltd. v. Chase Manhattan Bank, Nat'l Assoc.*, 731

19

F.2d 112, 124 (2d Cir. 1984) (matters were public record by virtue of bankruptcy proceeding).

### 2.   Predictions, opinions, and puffery are not actionable.

It is well established that "a prediction of something which is expected to occur in the future will not sustain an action for fraud[.]" *Dragon Inv. Co. II LLC v. Shanahan*, 49 A.D.3d 403, 403, 854 N.Y.S.2d 115, 117 (App. Div. 1st Dept. 2008) (quoting *Zanani v Savad*, 217 A.D.2d 696, 697, 630 N.Y.S.2d 89 (App. Div. 2d Dept.1995)). This is fatal to many of Plaintiffs' allegations. Representations about Plaintiffs' expected profits, start-up costs, memberships and trial memberships were "just the sort of representations about future events that cannot support a claim for negligent misrepresentation." *See Hydro Inv'rs, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 21 (2d Cir. 2000) (forecasts of energy output not actionable in fraud). And while "a relatively concrete representation as to . . . future performance, if made at a time when the speaker knows that the represented performance cannot be achieved, may ground a claim of fraud," *N.Y. Islanders Hockey Club v. Comerica Bank-Texas*, 71 F. Supp. 2d 108, 118 (E.D.N.Y. 1999), there is no allegation in the Complaint that the Defendants knew Plaintiffs could not achieve these results when the statements were made.

Furthermore, "statements which are mere 'puffery' or opinions as to future events are not sufficient to state a fraud claim." *Id.* The alleged representations about the suitability of the franchise system for absentee ownership clearly qualify as opinion, and there is no factual allegation supporting an inference that the Defendants did not believe that to be the case.

### D.   *Plaintiffs have failed to state a CCPA claim.*

"To prove a private claim for relief under the CCPA, a plaintiff must show that . . . the challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property . . . ." *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 155 (Colo. 2007). In assessing public impact, Colorado courts consider "(1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to

20

do so in the future." *Rhino Linings U.S. v. Rocky Mt. Rhino Lining*, 62 P.3d 142, 149 (Colo. 2003).

Here, Plaintiffs' Complaint "does not plead sufficient facts to allege that the practices underlying the dispute between these commercial parties 'significantly impact the public.'" *See Priority Fulfillment Servs. v. Gaiam Ams. Inc.*, 2018 U.S. Dist. LEXIS 194107, at *15 (S.D.N.Y. Nov. 14, 2018) (internal alteration omitted) (quoting *James v. Penguin Grp. (USA) Inc.*, No. 13 Civ. 2801 (DLC), 2014 U.S. Dist. LEXIS 50769, 2014 WL 1407697, at *1 (S.D.N.Y. Apr. 11, 2014).

"Plaintiffs have not alleged any facts related to the number of consumers directly affected by the challenged practice or the relative sophistication and bargaining power of the consumers affected by the challenged practice." *Allbrandt v. Bank of Am.*, N.A., Civil Action No. 14-cv-01977-CMA-KMT, 2015 U.S. Dist. LEXIS 30476, at *12 (D. Colo. Mar. 12, 2015) (citing *Rhino Linings*, 62 P.3d at 146-47). "Plaintiffs must address these requirements to properly state a claim." *Allbrandt*, 2015 U.S. Dist. LEXIS 30476, at *12. Instead, Plaintiffs provide only a bare recitation of the elements. *See* Compl. ¶¶ 50-54.

While Plaintiffs contend that ILKB sold "dozens" of other franchises by way of the alleged misconduct, there is no allegation that these franchisees were located in Colorado or induced to contract with ILKB by means of any public acts. Nor could Plaintiffs plausibly allege that large swaths of the public are both unsophisticated *and* able to invest six figures in a new business. *See Curragh Queensl. Mining Ltd. v. Dresser Indus.*, 55 P.3d 235, 241 (Colo. App. 2002) (no CCPA claim in transaction involving multi-million dollar equipment). There is no CCPA claim here.

## IV.   Plaintiffs have not stated a claim against Castellini, York, or ILKB Too, because buying a company or its assets does not make one personally liable for its past torts.

As discussed in the personal jurisdiction argument above, Plaintiffs have not pleaded facts sufficient to support an inference that these defendants bear successor liability for ILKB's torts. That claim therefore fails.

**CONCLUSION**

Plaintiffs have failed to state a claim against ILKB, ILKB Too, Parrella, Castellini, or York.

The Court should therefore dismiss the claims against it.

Dated:  November 20, 2020

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: _____*/s/ Peter G. Siachos, Esq.*_____
Peter G. Siachos, NY Bar No. 4436168
psiachos@grsm.com
Matthew P. Gallo, NY Bar No. 5142252
mgallo@grsm.com
***Attorneys for ILKB, LLC, ILKB Too, LLC,
Daniel Castellini, and Shaun York***
1 Battery Park Plaza, 28th Floor
New York, NY 10004
 (973) 549-2532

# EXHIBIT A



Colorado Secretary of State
Date and Time: 03/31/2016 03:59 PM
ID Number: 20161235142

Document number: 20161235142
Amount Paid: $50.00

Document must be filed electronically.
Paper documents are not accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.sos.state.co.us.

ABOVE SPACE FOR OFFICE USE ONLY

# Articles of Organization
filed pursuant to § 7-80-203 and § 7-80-204 of the Colorado Revised Statutes (C.R.S.)

1. The domestic entity name of the limited liability company is

Golden Polar Bear LLC

*(The name of a limited liability company must contain the term or abbreviation "limited liability company", "ltd. liability company", "limited liability co.", "ltd. liability co.", "limited", "l.l.c.", "llc", or "ltd." See §7-90-601, C.R.S.)*

*(Caution: The use of certain terms or abbreviations are restricted by law. Read instructions for more information.)*

2. The principal office address of the limited liability company's initial principal office is

Street address      17506 E Cloudberry Dr.
*(Street number and name)*

Parker      CO    80134
*(City)*      *(State)*      *(ZIP/Postal Code)*

United States
*(Province – if applicable)*      *(Country)*

Mailing address
(leave blank if same as street address)
*(Street number and name or Post Office Box information)*

*(City)*      *(State)*      *(ZIP/Postal Code)*

*(Province – if applicable)*      *(Country)*

3. The registered agent name and registered agent address of the limited liability company's initial registered agent are

Name
(if an individual)      Callen      Thomas      Richard    II
*(Last)*      *(First)*      *(Middle)*    *(Suffix)*

or

(if an entity)

*(Caution: Do not provide both an individual and an entity name.)*

Street address      17506 E Cloudberry Dr.
*(Street number and name)*

Parker      CO    80134
*(City)*      *(State)*      *(ZIP Code)*

Mailing address
(leave blank if same as street address)
*(Street number and name or Post Office Box information)*

_____  <u>CO</u>  _____.
         *(City)*               *(State)*         *(ZIP Code)*

*(The following statement is adopted by marking the box.)*

☑ The person appointed as registered agent has consented to being so appointed.

4. The true name and mailing address of the person forming the limited liability company are

Name
(if an individual)      <u>Callen</u>      <u>Thomas</u>      <u>Richard</u>      <u>II</u>
                           *(Last)*        *(First)*      *(Middle)*      *(Suffix)*

or

(if an entity)      _____
*(Caution: Do not provide both an individual and an entity name.)*

Mailing address      <u>17506 E Cloudberry Dr.</u>
                         *(Street number and name or Post Office Box information)*

     <u>Parker</u>      <u>CO</u>   <u>80134</u>
            *(City)*        *(State)*    *(ZIP/Postal Code)*
     _____  <u>United States</u> .
     *(Province – if applicable)*     *(Country)*

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☑ The limited liability company has one or more additional persons forming the limited liability company and the name and mailing address of each such person are stated in an attachment.

5. The management of the limited liability company is vested in
*(Mark the applicable box.)*

☐ one or more managers.

or

☑ the members.

6. *(The following statement is adopted by marking the box.)*

☑ There is at least one member of the limited liability company.

7. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☑ This document contains additional information as provided by law.

8. *(Caution: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

*(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
The delayed effective date and, if applicable, time of this document is/are _____.
                                                *(mm/dd/yyyy hour:minute am/pm)*

Notice:
Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

9. The true name and mailing address of the individual causing the document to be delivered for filing are

| Callen | Courtney | Ann | |
|--------|----------|-----|--|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

17506 E Cloudberry Dr.

*(Street number and name or Post Office Box information)*

| Parker | CO | 80134 |
|--------|-----|-------|
| *(City)* | *(State)* | *(ZIP/Postal Code)* |

United States .

| | |
|--|--|
| *(Province – if applicable)* | *(Country)* |

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

Disclaimer:
This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty.  While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet.  Questions should be addressed to the user's legal, business or tax advisor(s).

Additional Person Forming Golden Polar Bear LLC

Courtney Ann Callen (49% ownership)

17506 E Cloudberry Dr.
Parker, CO 80134