```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
THOMAS CALLEN, COURTNEY CALLEN
and GOLDEN POLAR BEAR, LLC.,
                                             MEMORANDUM & ORDER
              Plaintiffs,                    20-CV-3345 (JS)(JMW)

     -against-

ILKB LLC, MICHAEL PARRELLA, RYAN
HEALY, and SCOTT FERRARI, each
individually; and ILKB TOO, LLC,
DANIEL CASTELLINI, and SHAUN
YORK, each as successor by merger
to ILKB LLC,

              Defendants.
---------------------------------X
APPEARANCES
For Plaintiffs:      John D. Giampolo, Esq.
                     Justin Scott Weitzman, Esq.
                     Rosenberg & Estis, P.C.
                     733 Third Avenue, 12th Floor
                     New York, New York  10017


For Defendants:      No appearances
ILKB LLC & Michael
Parrella
```

SEYBERT, District Judge:

Thomas Callen, Courtney Callen, and Golden Polar Bear, LLC (hereafter the "Plaintiffs") move, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure (hereafter "Rule"), to strike the answer of Defendants Michael Parrella ("Parrella") and ILKB, LLC ("ILKB" and, together with Parrella, the "Defendants") and enter default judgment against them (hereafter, the "Motion"). (See Motion, ECF No. 66; see also Pls.' Letter, ECF No. 65, at 2.)

Since the Defendants have failed to submit any opposition to the Motion the Court deems it to be unopposed. (See Dec. 6, 2022, Elec. Order to Show Cause (hereafter the "OTSC").) For the reasons that follow, Plaintiffs' Motion is GRANTED to the extent that the Defendants' answer (ECF No. 54) is stricken and the Clerk of Court is directed to enter certificates of default against them.

## BACKGROUND[1]

The Court presumes the parties' familiarity with the factual background of this case which is detailed in Judge Hurley's earlier decision granting in part and denying in part the Defendants' motion to dismiss.[2] See Callen v. ILKB, LLC, No. 20-CV-3345, 2022 WL 2079651 (E.D.N.Y. June 9, 2022).[3] As such, the Court provides only those facts necessary to adjudicate the present motion.

## PROCEDURAL HISTORY

On July 24, 2020, Plaintiffs commenced this action against, inter alia, the Defendants. (See Compl., ECF No. 1.) Plaintiffs filed an Amended Complaint on August 31, 2020, (Am.

---

[1] The facts are primarily drawn from the Declaration of John Giampolo and attached exhibits (see Giampolo Decl., ECF No. 68), and from the Court's own review of the Case Docket.

[2] The Defendants were also joined in their Motion to Dismiss by defendants ILKB, Too, LLC; Daniel Castellini; and Shaun York.

[3] Judge Hurley's Memorandum & Order is also available on the case Docket at ECF No. 51. Herein, when citing to the Memorandum & Order, the Court uses the Westlaw citation.

Compl., ECF No. 15), and a Second Amended Complaint (hereafter the "SAC") on October 23, 2020 (SAC, ECF No. 18.) "In response to the Complaint . . . Defendants, ILKB and Parrella, [both] appeared in this action through counsel" Gordon Rees Scully Mansukhani, LLP (hereafter, "Gordon Rees.") (Giampolo Decl. at ¶ 6; see also Notice of Appearance, ECF No. 13.) Subsequently, Defendants: (1) "filed a motion to dismiss the Complaint for failure to state a claim on or before August 21, 2020" (see ECF Nos. 11, 12); (2) "filed pre-motion letters on September 14, 2020, and October 28, 2020" (see ECF Nos. 16, 20); (3) filed a second "motion to dismiss . . . on March 12, 2021" (see ECF No. 28); (4) "filed additional notices of appearance on behalf of . . . ILKB and Parrella on December 6, 2021" (see ECF No. 43); and (5) "served written responses and objections to Plaintiffs' demand for answers to interrogatories and to Plaintiffs' demand for production of documents" on February 18, 2022. (Giampolo Decl. at ¶ 6.) After adjudication of the Defendants' motion to dismiss, on June 23, 2022, the Defendants filed an Answer to the SAC. (Id. at ¶ 9; see also Answer.)

On July 6, 2022, "Defendants' counsel moved to withdraw from [the] case." (Giampolo Decl. at ¶ 10; see also Am. Motion to Withdraw as Attorney, ECF No. 59 (hereafter, the "Withdrawal Motion).") In the Withdrawal Motion, Gordon Rees explained that "[a] conflict of interest ha[d] arisen between the parties, which

3

necessitate[d] that [] Parrella and ILKB have separate counsel" from the other defendants in the case. (Withdrawal Motion at 1-2.) The Withdrawal Motion further noted that, while the other defendants had secured substitute counsel, "Parrella and ILKB ha[d] not." (Id. at 1.) On July 12, 2022, the Court directed ILKB to retain counsel on or before August 12, 2022, because "corporate entities are not permitted to appear pro se." (See July 12, 2022 Min. Order, ECF No. 58.) As ILKB's owner and founder, Parrella would have been the party responsible for securing substitute counsel for ILKB. See Callen, 2022 WL 2079651, at *1, *11 (identifying Michael Parrella as ILKB's founder and owner). Additionally, the July 12 Order adopted a discovery schedule containing deadlines for document discovery and the conclusion of fact depositions. (July 12, 2022 Min. Order.) On July 18, 2022, the Court granted the Withdrawal Motion and again reiterated that ILKB must obtain substitute counsel by August 12, 2022, since ILKB would not be permitted to proceed pro se. (See July 18, 2022 Elec. Order.) Copies of the July 18, 2022, Electronic Order were served upon Defendants Parrella and ILKB by outgoing counsel via overnight mail. (See Certificate of Service, ECF No. 61.)

On September 7, 2022, after the deadline for ILKB to retain substitute counsel had expired, the Court entered another Electronic Order noting that "[t]o date, ILKB [] has failed to notify the Court that it has retained counsel or put in a notice

4

of appearance." (Sept. 7, 2022 Elec. Order).  To that end, the Court, again, directed the Defendants to "advise the Court no later than [September 16, 2022,] as to whether counsel has been appointed/retained."  (Id.)  The Court directed the Clerk of Court to "mail a copy of [the] Order upon Defendants Parrella and ILKB." (Id.)  On September 15, 2022, the Court's Order was returned as undeliverable for both Defendants, "marked Return to Sender, Vacant; Unable to Forward."  (See ECF Nos. 63, 64.)  Subsequently, the Court directed Plaintiffs to advise the Court as to how they wished to proceed.  (See Sept. 20, 2022 Elec. Order).  In response, Plaintiffs indicated that they intended "to proceed against [the Defendants] by filing motions to strike their Answer and enter default judgment against them for refusal to comply with Court Orders [regarding] discovery" and in failing to appear in this and other related cases.  (See Pls.' Letter at 2.)

On October 31, 2022, Plaintiffs filed their Motion and supporting declarations.  (See Case Docket.)  Plaintiff served its Motion on the Defendants via "regular mail, certified mail and email." (Affidavit/Declaration, ECF No. 70.)  The Defendants filed no objection to Plaintiffs' Motion; consequently, on December 6, 2022, the Court issued an OTSC as to why Plaintiffs' Motion should not be granted.  (See Dec. 6, 2022 Elec. OTSC.)  The OTSC warned that "Defendants ILKB [], and [] Parrella are **ON NOTICE: Failure to respond to this [OTSC] BY January 3, 2023**, will result in the

5

Court deeming Plaintiffs' Motion to be unopposed." (Id.) Despite service of the OTSC, (see Certificate of Service, ECF No. 72), neither Parrella nor ILKB responded. (See Case Docket, in toto.)

To date ILKB has failed to secure substitute counsel and Parrella has failed to respond to the Court's orders or provide an updated mailing address. Furthermore, neither of the Defendants have "produced any further written discovery responses [or] . . . documents in response to Plaintiffs' demand for production of documents." (Giampolo Decl. at ¶ 11.) Similarly, neither Defendant has attended or participated in court-mandated conferences held in this case to resolve outstanding discovery disputes. (See Dec. 2, 2022 Min. Order for Proceedings, ECF No. 71 (noting "No Appearance" for Parrella or ILKB); see also Jan. 5, 2023 Min. Order for Proceedings, ECF No. 75 (same).)

## DISCUSSION

While unopposed, the Court notes that Plaintiffs' Motion is presented in a procedurally improper manner. Pursuant to Local Civil Rule 7.1(a)(2) "all motions shall include . . . [a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion." EDNY Local Civil Rule 7.1(a)(2). Plaintiffs' Motion contains no memorandum of law. In fact, Plaintiff's Motion and corresponding motion papers contain no legal argument or analysis whatsoever. Instead, Plaintiffs' Motion relies entirely upon the information and record citations

6

contained in the Giampolo Declaration. Nevertheless, in its discretion the Court "has decided to proceed without the Memorandum of Law." Team Kasa, LLC v. Humphrey, No. 17-CV-1074, 2018 WL 1867117, at *5 (E.D.N.Y. Jan. 24, 2018) (citing Holbert v. Cohen-Gallet, No. 05-CV-1281, 2006 WL 47452, at *1 (E.D.N.Y. Jan 9, 2006)).

I.  Legal Standard

Rule 37 states that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). Among the available sanctions are: (1) the "striking [of] pleadings in whole or in part;" and (2) "rendering a default judgment against the disobedient party." FED R. CIV. P. 27(b)(2)(A)(iii), (vi). "Pursuant to Rule 37 . . . a court 'has broad discretion to impose sanctions' when a party engages in discovery misconduct." Silverman & Silverman, LLP v. Pacifica Found., No. 11-CV-1894, 2014 WL 3724801, at *3 (E.D.N.Y. July 25, 2014) (quoting Fleming v. City of N.Y., No. 01-CV-8885, 2006 WL 2322981, at *5 (S.D.N.Y. Aug. 9, 2006)); see also Stirrat v. Ace Audio/Visual, Inc., No. 02-CV-2842, 2004 WL 2212096, at *1 (E.D.N.Y. Sept. 24, 2004) ("The imposition of sanctions under Rule 37 lies within the discretion of the district court." (citing Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990))). However, "Rule 37 sanctions are [] 'a harsh remedy to be

7

used only in extreme situations.'" Kantor v. Air Atl. Med., P.C., No. 19-CV-3597, 2020 WL 7130732, at *2 (E.D.N.Y. Sept. 23, 2020) (quoting Agiwal v. Mid. Island Mort. Corp., 555 F.3d 298, 302 (2d Cir. 2009)). The purpose of Rule 37 sanctions is to "'protect other parties to the litigation from prejudice resulting from a party's noncompliance;' additionally, Rule 37 sanctions 'serve other functions unrelated to the prejudice suffered by individual litigants[,]' including specific and general deterrence." Id. (quoting S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 149 (2d Cir. 2010)). In determining whether Rule 37 sanctions are appropriate:

> The Second Circuit has articulated [s]everal factors [that] may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to Rule 37, including: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance

Id. (citing Agiwal, 555 F.3d at 302-03).

No factor is exclusive or dispositive "[b]ecause the text of the rule requires only that the district court's orders be 'just,'" and "because the district court has 'wide discretion in imposing sanctions under Rule 37[.]'" S. New Eng. Tel. Co., 624 F.3d at 144 (quoting Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir. 2007)). Additionally, "[t]he district court

8

is free to consider 'the full record in the case in order to select the appropriate sanction.'" Id., 624 F.3d at 144 (quoting Nieves v. City of N.Y., 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

II. ANALYSIS

Applying the above articulated standards, the Court finds that striking the Defendants' Answer and directing entry of certificates of default against Defendants is appropriate in this case.

A. Willfulness and Duration of Non-Compliance

Willfulness may be demonstrated through a party's "repeated and unexplained failure to respond to [] discovery requests in any meaningful way, comply with court orders, [or] appear in a scheduled hearing to defend" itself. Vargas v. Jet Peru-Courier Corp., No. 15-CV-6859, 2018 WL 1545699, at *3 (E.D.N.Y. March 14, 2018) (citing Microsoft Corp. v. Comput. Care Ctr., Inc., No. 06-CV-1429, 2008 WL 4179653, at *5 (E.D.N.Y. Sept. 10, 2008), report & recommendation adopted, 2018 WL 1545679 (E.D.N.Y. Mar. 28, 2018)). "Noncompliance with a court's discovery order is willful when the order is clear, the party understood the order, and the failure to comply is not due to factors beyond the party's control." Ramgoolie v. Ramgoolie, 333 F.R.D. 30, 35 (E.D.N.Y. Sept. 10, 2019) (citing Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC, No. 16-CV-1318, 2017 WL 3671036, at *21 (S.D.N.Y. July 18, 2017)).

9

Here, the Defendants are aware of this litigation, having initially participated in it by, inter alia, filing a motion to dismiss and, subsequently, by filing an Answer to the Amended Complaint. After Gordon Rees' withdrawal however, ILKB has willfully ignored several Court orders directing it to hire substitute counsel. Similarly, both Defendants have failed to attend court scheduled discovery conferences and failed to communicate whatsoever with Plaintiffs regarding their outstanding discovery obligations. Regarding Parrella, mail sent to him by this Court has been returned undeliverable such that Parrella has effectively become unreachable. When warned that the Court would entertain case-ending sanctions due to the Defendants' failures, neither Parrella nor ILKB responded. Similarly, after Plaintiffs' Motion was ultimately filed, neither of the Defendants filed any opposition. As such, the Court issued an OTSC warning the Defendants again of the consequences of not responding. The Defendants continued to willfully ignore the Court. This willfulness merits case-ending sanctions. See e.g., Gesualdi v. Metro. Enter., Inc., No. 15-CV-1378, 2016 WL 6988830, at *2 (E.D.N.Y. Nov. 29, 2016) (striking defendants' answer and entering default judgment against defendant for failing to comply with the court's discovery orders); Campos v. Quentin Mkt. Corp., No. 16-CV-5303, 2017 WL 9253412, at *3 (E.D.N.Y. Nov. 21, 2017) (striking corporate defendant's answer where it "willfully ignored a court

order to retain new counsel and failed to appear at two conferences, despite repeated warnings from the Court that their failure . . . would result in an entry of default); Castillo v. Zishan, Inc., No. 16-CV-6166, 2017 WL 3242322, at *2 (S.D.N.Y. July 28, 2017) (finding individual Defendant's and corporate defendant's failure to comply with court orders was willful where defendants were aware of the lawsuit, failed to seek new counsel for the corporate defendant, and "refused to respond to the order to respond to the motion seeking a default judgment against them").

### B. Efficacy of Lessor Sanctions

"[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such sanction is appropriate on the overall record." S. New Eng. Tel. Co., 624 F.3d at 148 (citing John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176-77 (2d Cir. 1988)). Moreover, "[w]here defendants willfully abandon their defense of the case, case-ending sanctions are appropriate." Xin Hao Liu v. Millenium Motors Sports, LLC, No. 17-CV-6438, 2020 WL 7028924, at *4 (E.D.N.Y. Nov. 5, 2020) (citing Montblanc-Simplo GmbH v. Colibri Corp., 692 F. Supp. 2d 245, 253 (E.D.N.Y. 2010)), report & recommendation adopted, 2020 WL 7024378 (E.D.N.Y. Nov. 30, 2020).

Here, the Court finds that the Defendants have willfully abandoned the defense of their case. Neither Defendant has appeared at any court-mandated discovery conferences since Gordon

11

Rees' withdrawal; similarly, neither Defendant has attempted to communicate with the Court or Plaintiff whatsoever since July 2022. Even after the filing of Plaintiffs' Motion, neither Parrella nor ILKB filed any opposition to the Motion despite the Court's OTSC warning them of the consequences of non-response. As such, the Court finds this factor weighs in favor of granting Plaintiffs' Motion. See Kantor, 2020 WL 7130732, at *3 (finding defendants had "essentially abandoned the case and become unreachable," and therefore anything less than striking their answer "would be 'an exercise in futility.'" (quoting Koch v. Rodenstock, No. 06-CV-6586, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010) report & recommendation adopted, 2010 WL 2010900 (S.D.N.Y. May 18, 2010))).

    C. Duration of Non-Compliance

"Periods of noncompliance as brief as a few months may merit dispositive sanctions." Ramgoolie, 333 F.R.D. at 37 (collecting cases). Moreover, "periods of greater than five months favor such sanctions even more heavily." Id. (collecting cases).

Since the Withdrawal Motion was granted in July 2022, neither of the Defendants have appeared, participated or responded to the Court's numerous orders in this case; indeed, their effective abandonment of this case persists even today, approximately eight months later. In that time, the Defendants have: ignored Court orders warning that ILKB may not appear pro se due to its corporate status; failed to appear for court-ordered

12

conferences; failed to communicate with the Court or opposing counsel regarding Plaintiffs' outstanding discovery requests; and failed to oppose Plaintiffs' Motion despite the Court's OTSC warning them failure to do so would result in the Court deeming the Motion unopposed.

D. History of Warnings

"[S]evere sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued noncompliance and has nevertheless refused to comply." Urbont v. Sony Music Ent., No. 11-CV-4516, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014).

As a corporate entity, ILKB has received numerous warnings that it cannot proceed pro se and must retain counsel. Yet despite these warnings, ILKB has consistently failed to heed them. Both Defendants have been on notice since September 27, 2022, that Plaintiffs would seek to strike their Answer and have entries of default entered against them for ILKB's failure to retain counsel, and for Parrella's failure to maintain a current mailing address. On September 30, 2022, in response to Plaintiffs' letter, the Court ordered that "the anticipated motions to strike the Answers and enter default judgment against [] Parrella and ILKB" were to be filed on or before October 31, 2022. Despite the Court's warnings and Plaintiffs' subsequent filing of the Motion, neither of the Defendants responded. In December 2022, the Court

13

warned both Parrella and ILKB "to show cause [as to] why Plaintiffs' Motion . . . should not be granted;" again, neither Defendant responded to the Court's OTSC. As such, the Court finds this factor weighs in favor of granting Plaintiffs' Motion. Accord Sanchez v. Jyp Foods Inc., No. 16-CV-4472, 2018 WL 4502008, at *4 (S.D.N.Y. Sept. 20, 2018) (striking defendants' answer where defendants had been warned that failure to appear would result in the court permitting plaintiffs to move to strike their answer and seek a default judgment against them).

In sum, after considering each factor, the Court concludes that striking the Answer of the Defendants and directing the Clerk of the Court to enter certificates of default against Defendants are appropriate sanctions in this case.

## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike the Answer of Defendants Michael Parrella and ILKB, LLC, and for Entry of Default Judgment against them (ECF No. 66) is GRANTED to the extent that the Defendants' Answer (ECF No. 54) IS HEREBY STRICKEN, and the Clerk of the Court is directed to issue certificates of default against Defendants. Plaintiffs shall have 30 days from the issuance of the certificates of default to move for default judgment pursuant to the procedure outlined in EDNY Local Civil Rule 55.2.

**IT IS FUTHER ORDERED** that Plaintiffs are to serve Defendants with a copy of this Memorandum & Order at their respective last known addresses of record and file proof of such service to ECF forthwith.

                                          SO ORDERED.

                                          /s/ JOANNA SEYBERT
                                          Joanna Seybert, U.S.D.J.

Dated: May 19, 2023
       Central Islip, New York

15